IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01727-PSF-BNB

DIANA LOPEZ,

    Plaintiff,

v.

CORNELL COMPANIES, INC.,

    Defendant.

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

This matter comes before the Court on the motion of Defendant Cornell Companies, Inc. ("Cornell") to dismiss plaintiff's claims against it pursuant to F.R.Civ.P. 12(b)(6) for failure to state a claim (Dkt. # 5), filed September 12, 2006. At or about the time defendant's motion was filed, the counsel representing plaintiff was suspended from practice by the Supreme Court of Colorado and from practice before this Court. Plaintiff retained new counsel, who on December 18, 2006, filed an opposition to the motion to dismiss (Dkt. # 25). On January 2, 2007, Defendant Cornell filed a reply to plaintiff's response (Dkt. # 26). The matter is ripe for determination.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her original complaint in Fremont County (Colorado) District Court on or about June 27, 2006, asserting what appeared to be civil rights violations against the City of Canon City and its police department ("City Defendants") in connection with an alleged false arrest of plaintiff on November 8, 2004. The arrest apparently

occurred at plaintiff's workplace, the business premises of Defendant Cornell. Plaintiff alleged that Cornell arranged with the police to publicly embarrass her by arranging the arrest at her workplace, and alleged a claim against the employer for intentional infliction of emotional distress (Complaint, ¶ 9).

On August 31, 2006, the City Defendants removed the case to this Court pursuant to 28 U.S.C. § 1446(a) and (b), and on the same day filed a motion to dismiss the claims against them. On November 22, 2006, the City Defendants and plaintiff filed a stipulated motion to dismiss the City Defendants from the case (Dkt. # 15) which was granted by order entered November 27, 2006 (Dkt. # 17). Thus Defendant Cornell is the only remaining defendant.

On November 29, 2006, the Magistrate Judge entered an order allowing plaintiff until December 18, 2006 within which to file a response to Defendant Cornell's motion to dismiss (Dkt. # 19). The Magistrate Judge also entered a scheduling order on November 29, 2006, which allowed the parties until December 29, 2006 within which to amend the pleadings (Dkt. # 20 at 5).

On December 18, 2006 plaintiff filed an amended complaint (Dkt. # 24) concurrently with her response to defendant's Motion to Dismiss. In her amended complaint plaintiff alleges three distinct, but unnumbered, claims for relief against Defendant Cornell for: 1) wrongfully terminating her in violation of the employer's policies and procedure; 2) for wrongfully terminating her as retaliation for exercising her employee's rights; and 3) for intentional infliction of emotional distress (Amended Complaint at 2-3).

Defendant Cornell's reply brief argues that dismissal is proper notwithstanding the amended complaint contending that the employer has immunity under C.R.S. § 16-3-202(3), a statute that provides immunity for persons commanded to assist a peace officer in making an arrest.

## II.    STANDARD OF REVIEW

The Court will dismiss a claim for failure to state a claim upon which relief can be granted pursuant to F.R.Civ.P. 12(b)(6) only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle her to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive.  *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  The purpose of Rule 12(b)(6) motions is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

## III.   ANALYSIS

Plaintiff alleges that she was wrongfully arrested for submitting a false police report, an arrest she alleges was "wrongful, and unfounded." (Amended Complaint, ¶ 6). She further alleges that the defendant employer called her in to work on her day off "simply so she could be arrested" by the police, resulting in her being arrested "in front of family and co-workers."  *Id.* at 7.  She further alleges that she was subsequently terminated from her job in violation of the employer's policies (*id.*, ¶ 9) and in retaliation for exercising her rights to report "threats against her" (*id.*, ¶ 10a).

This conduct by the employer, plaintiff alleges, constitutes extreme and outrageous conduct which caused her severe emotional distress (*id.*, ¶ 11).

Defendant's reply brief asserts only one ground for dismissal, namely that it is immune from civil liability under C.R.S. §16-3-202 (3).  The pertinent parts of the entire statute provide:

> § 16-3-202. Assisting peace officer - arrest - furnishing information - immunity
>
> (1)  A peace officer making an arrest may command the assistance of any person who is in the vicinity.
>
> (2)  A person commanded to assist a peace officer has the same authority to arrest as the officer who commands his assistance.
>
> (3)  A person commanded to assist a peace officer in making an arrest shall not be civilly or criminally liable for any reasonable conduct in aid of the officer or for any acts expressly directed by the officer.
>
> (4)  Private citizens, acting in good faith, shall be immune from any civil liability for reporting to any police officer or law enforcement authority the commission or suspected commission of any crime or for giving other information to aid in the prevention of any crime.

Defendant's motion depends on being granted immunity for assisting a peace officer in a situation where a person is "commanded to assist a peace officer in making an arrest."  Whether Defendant Cornell was "commanded" to assist the police in the arrest of plaintiff, and if so, the nature of the command and the reasonableness of defendant's conduct, are questions of fact that can not be determined from the face of the complaint.

Moreover, even if defendant is accorded immunity from civil liability in regards to acts leading up to plaintiff's arrest, plaintiff's claims for her subsequent wrongful termination allegedly in violation of the employer's policies and allegedly in retaliation for exercising her rights, are not alleged to be acts arising out of the arrest.  Therefore, this Court cannot say that plaintiff's amended complaint states no set of facts that would entitle her to relief.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion to Dismiss (Dkt. # 5).

DATED:  March 29, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Court Judge